# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD HAFER and KATHRYN A. HAFER, INDIVIDUALLY, and KATHRYN A. HAFER, as ADMINISTRATRIX of the ESTATE of RICHARD N. HAFER, DECEDENT, | No. 4:24-CV-00044 <br><br> (Chief Judge Brann) |
| Plaintiffs, | |
| v. | |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION

### FEBRUARY 15, 2024

## I.    BACKGROUND

On December 13, 2023, Plaintiffs, Todd Hafer and Kathryn Hafer, filed a one-count complaint against Defendant, Allstate Insurance Company ("Allstate"), on behalf of themselves and the estate of their son, Richard Hafer, in the Court of Common Pleas of Lycoming County, Pennsylvania. The Plaintiffs seek a declaration stating that Allstate has a duty to provide them underinsured motorist benefits under their insurance policy.[1] After removing the case to federal court, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is now ripe for disposition; for the reasons that follow, it is granted.

---

[1]    Doc. 1 (Notice of Removal), Ex. A (County Compl.) at 14.

## II.     DISCUSSION

### A.     Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[2] and *Ashcroft v. Iqbal*,[3] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[5]

### B.     Facts Alleged in the Complaint

The facts alleged in the Complaint, which this Court must accept as true for purposes of this motion, are as follows. After Richard Hafer's unfortunate death following an automobile accident with Arielle Williams, his parents, Todd and

---

[2]   550 U.S. 544 (2007).
[3]   556 U.S. 662 (2009).
[4]   *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).
[5]   *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

Kathryn Hafer, received $15,000 from Williams' insurance policy.[6] They have also asserted "a claim for underinsured motorist benefits against" Allstate.[7]

### 1.    The Insurance Policies

There are two relevant insurance policies: Richard Hafer's motorcycle policy with Progressive Insurance and Todd and Kathryn Hafer's Allstate automobile policy.

### a.    The Motorcycle Policy

Richard Hafer insured his motorcycle with Progressive Insurance but declined underinsured motorist coverage ("UM/UIM coverage").[8]

### b.    The Automobile Policy

Kathryn and Todd Hafer insured six vehicles through an Allstate automobile policy.[9] Richard Hafer "was a 'listed driver' on" this policy and lived with his parents at the time of the accident.[10] In this automobile policy, Allstate included the following provision concerning the priority of different policies offering UM/UIM coverage:

If There is Other Insurance

When the limits of two or more insured autos may not be stacked:

If the insured person was in, on, getting into or out of a vehicle you do not own which is insured for this coverage under another policy, this coverage will be excess. This means that when the insured person is legally entitled to recover damages in excess of the other policy limit, we will pay up to your policy limit, but only after all other collectible insurance has been exhausted.

---

[6]    *See* Doc. 1 (Notice of Removal), Ex. A (County Compl.) at 10. $15,000 was the maximum amount available under Williams' policy. *See id.*

[7]    *See id.*

[8]    *See id.* at 9.

[9]    *See id.* at 29. These six vehicles did not include the Decedent's motorcycle. *See id.*

[10]   *See id.* at 9, 30.

If more than one policy applies to the accident on a primary basis, the total benefits payable to any one person will not exceed the maximum benefits payable by the policy with the highest limit for underinsured motorists benefits. We will bear our proportionate share, as it applies to the total limits available, up to the full limits of liability for this coverage under this policy. This applies no matter how many autos or auto policies may be involved whether written by Allstate or not.[11]

The Hafers' policy also contained several exclusions to their UM/UIM coverage.[12] The household vehicle exclusion states:

Allstate will not pay any damages an insured person is legally entitled to recover because of:

…bodily injury to anyone while in, on, getting into or out of or when struck by a motor vehicle owned or leased by you or a resident relative which is not insured for Underinsured Motorists Coverage under this policy.[13]

## 2.    The Plaintiffs Bring Suit

Allstate has twice rejected the Hafers' request for UM/UIM benefits based on its analysis of Pennsylvania law and the household vehicle exclusion.[14] The Plaintiffs contend that Allstate "has ignored the specific language in its own policy by wrongfully and willfully refusing to pay underinsured motorist benefits."[15]

## C.    Analysis

Allstate relies heavily on *Erie Insurance Exchange v. Mione*[16] to argue that dismissal is appropriate. In *Mione*, the plaintiff sought to receive UM/UIM benefits

---

[11]   *Id.* at 60 (emphasis removed).
[12]   *See id.* at 58.
[13]   *Id.* (emphasis removed).
[14]   *See id.* at 10.
[15]   *Id.* at 12.
[16]   *Erie Ins. Exch. v. Mione*, 289 A.3d 524 (Pa. 2023).

through two Erie Insurance policies held by members of his household because he lacked UM/UIM coverage under his own, separate insurance policy.[17] Both Erie Insurance policies had household vehicle exclusions.[18]

After deciding that its prior decisions did not *per se* invalidate household vehicle exclusions,[19] the Pennsylvania Supreme Court emphasized that "the Miones [were] not attempting to stack anything at all."[20] Instead, they wanted Erie Insurance to provide UM/UIM benefits "in the first instance."[21] "The problem with that argument [was] that the [Erie Insurance] policies explicitly exclude[d] UM/UIM coverage for damages sustained while operating an unlisted household vehicle."[22] The Pennsylvania Supreme Court concluded that under these "circumstances, the household vehicle exclusion serves as an unambiguous preclusion of *all* UM/UIM coverage (even unstacked coverage) for damages sustained while operating an unlisted household vehicle."[23]

Rather telling, in the view of this Court, the Plaintiffs fail to address *Mione* despite it being indistinguishable from the instant case.[24] Instead, the Plaintiffs' sole argument asserts that a "UM/UIM case is a contractual claim" and the "Plaintiff

---

[17]   *See id.* at 525.
[18]   *See id.* at 526.
[19]   *See id.* at 530.
[20]   *Id.*
[21]   *Id.*
[22]   *Id.*
[23]   *Id.*
[24]   *See* Doc. 7 (Plaintiffs' Brief in Opposition to Motion to Dismiss).

policy holders are entitled to what was contracted for and paid for."[25] According to the Hafers, the "proper focus [of the Court's analysis] is the Allstate policy of automobile insurance, not the motorcycle policy."[26] But this very argument was rejected in *Mione*; "[i]t is only for [the] limited purpose" of determining "whether the insured is actually attempting to stack coverage at all" that the Decedent's motorcycle policy enters the analysis.[27] Otherwise, the Court has exclusively focused on the terms of the Allstate automobile policy. Further, the relevance of the subsection cited by the Plaintiffs is questionable given that it concerns the priority of policies and fails to undermine the household vehicle exclusion.[28]

Consequently, the automobile policy's household vehicle exclusion bars the Plaintiffs' recovery of UM/UIM benefits from Allstate.[29] In reaching this decision, the Court notes that other courts in this Circuit, when faced with similar facts, have followed the Pennsylvania Supreme Court's reasoning in *Mione*.[30]

---

[25]    Doc. 7 (Plaintiffs' Brief in Opposition to Motion to Dismiss) at 12.

[26]    *Id.*

[27]    *Mione*, 289 A.3d at 531.

[28]    *See* Doc. 7 (Plaintiffs' Brief in Opposition to Motion to Dismiss) at 12; Doc. 8 (Defendant's Reply Brief) at 3.

[29]    To the extent any bad faith claim is raised in the Complaint, it fails due to the reasonableness of Allstate's interpretation of the policy. *See e.g.*, *Lewandowski v. Nationwide Mut. Ins. Co.*, No. 18-1441, 2019 U.S. Dist. LEXIS 218713 (W.D. Pa. Dec. 20, 2019).

[30]    *See e.g.*, *Tomich v. Nationwide Mut. Ins. Co.*, Civ. A. No. 22-1260, 2023 U.S. Dist. LEXIS 51462 (W.D. Pa. Mar. 24, 2023) (Kelly, M.J.). In a pre-*Mione* case, Judge J. Nicholas Ranjan of the Western District of Pennsylvania reached the same conclusion when faced with nearly identical facts. *See Dunleavy v. Mid-Century Ins. Co.*, 460 F. Supp. 3d 602 (W.D. Pa. 2020), *aff'd* 848 F. App'x 528 (3d Cir. 2021).

## III.    CONCLUSION

Defendant's motion to dismiss pursuant to Rule 12(b)(6) is therefore granted. Leave to amend is denied. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[31] A complaint is "futile" if even, as amended, it would fail to state a claim upon which relief could be granted.[32] Although there is a "liberal pleading philosophy of the federal rules[,]" no amendment will be permitted because another opportunity to plead a case would be futile.[33]

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[31] *Shane v. Fauyer*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).
[32] *Id.*
[33] *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008).